IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Scott Kelly Hansen, | : | |
| Plaintiff | : | Civil Action 2:09-cv-517 |
| v. | : | Judge Holschuh |
| Terry J. Collins, | : | Magistrate Judge Abel |
| Defendant | : | |

**REPORT & RECOMMENDATION**

This matter is before the Magistrate Judge on defendant Terry J. Collins' July 31, 2009 motion to dismiss (doc. 6).

**I.     Arguments of the Parties**

**A.     Defendant Terry J. Collins**

According to defendant, Hansen was previously convicted of felony charges and sentenced to four and one-half years to twenty-five years in prison. While on parole for the state charges, Hansen committed federal crimes. As a result, the Ohio Department of Rehabilitation and Correction has placed a parole holder on Hansen. Plaintiff asserts that because of testimony that he provided in federal and state trials, he would be at great personal risk if he were returned to Ohio.

Defendant argues that Hansen does not have standing to be granted injunctive relief because his claim is not ripe for review. Defendant contends that plaintiff's

request for injunctive relief is based upon the vague allegation that he would be in danger from other inmates due to his prior testimony, and defendant will be deliberately indifferent to his safety and protection. Defendant maintains that there is no reason to assume that he will fail to take whatever steps are appropriate to assure Hansen's safety.

### B. Plaintiff Scott Kelly Hansen

According to plaintiff, his safety will be in jeopardy upon his immediate return to Ohio, and by ignoring this immediate threat, defendant has already acted with deliberate indifference to his needs. Plaintiff contends that Ohio's interest is merely administrative rather than one of justice given that the underlying offenses occurred in 1981 and involved petty theft and attempted escape. Ohio seeks his return for a parole violation related to sentence he served for the 1981 convictions.

Plaintiff maintains that threat assessments performed in 1994 and 1997 will show that he will be put in great risk of serious harm or death if he returns to Ohio. The 1994 threat assessment resulted in plaintiff being placed in a prisoner-witness protection unit based on testimony that he gave on behalf of the State of Ohio in a death penalty murder trial and before a federal grand jury. The 1997 threat assessment was made following plaintiff's 1996 testimony as a witness for the U.S. Attorney for the Northern District of Ohio and the U.S. Drug Enforcement Administration. At that time, plaintiff was placed in the Federal Witness Security Program administered by the U.S. Marshal

Service. Plaintiff maintains that although he is no longer in the witness security program, he continues to face danger for the testimony he provided.

Plaintiff points to defendant's failure to contact the either the assistant United States attorney or the district attorney for the state of Ohio to understand the risk he faces if he is returned to Ohio to demonstrate defendant's deliberate indifference to his safety.

**II.     Motion to Dismiss**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the

3

complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

### III.  Discussion

Although Scott Kelly Hansen's July 16, 2009 motion for an order by the U.S. District Court for the production of classified U.S. Government threat assessments (doc. 4) was denied, I noted that because the allegations in the complaint must be taken as true and be construed most favorably toward the non-movant, the Court will accept the allegations that plaintiff faces danger if he is forced to return to Ohio for the purposes of defendant's motion to dismiss.

Defendant maintains that Hansen does not have standing to bring this claim, and any claim that he may have is not ripe for review. Claims involving the prospective future injury issues of standing and ripeness tend to converge. To seek injunctive relief, a plaintiff must show that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. *Friends of Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 180-181 (2000).

4

Here, plaintiff alleges that if he is transferred to an Ohio prison, his life will be placed in immediate and grave danger. Defendant argues that if he is in danger after his transfer and the Ohio Department of Correction and Rehabilitation ("ODRC") fails to adequately ensure his safety, he can file suit then. Defendant's argument focuses on whether or not Hansen will actually be in danger once he has been transferred. Hansen, on the other hand, argues that the transfer itself will immediately place him in danger, and the fact that he is subject to being transferred to Ohio is not conjectural or hypothetical. Hansen maintains that once the transfer occurs, it will be too late to protect him from harm. Hansen argues that the decision to transfer him without regard to his safety is the conduct that demonstrates defendant's deliberate indifference to his well-being because ODRC will not be able to provide for his safety.

Because Hansen objects to the transfer itself, he is seeking relief that is concrete, particularized and imminent. There is a causal connection between the injury–threats to his safety--and the conduct complained of–the transfer. A favorable decision would prevent the injury that plaintiff seeks; he would not be transferred to an Ohio prison. Whether or not plaintiff is actually in imminent danger in the event he is transferred to Ohio is a question of fact. At this stage of the proceedings, plaintiff's allegation that he is in imminent danger must be accepted.

Determining whether a case is ripe for review involves the evaluation of two factors: the hardship that a plaintiff might suffer without court redress and the fitness of the case for judicial decision. *Abbott Labs v. Gardner*, 387 U.S. 136, 149 (1967). If plaintiff's

5

allegations that he will be placed in immediate danger if he is transferred to Ohio are correct, then he would suffer hardship. This case presents the question of whether the defendant is deliberately indifferent to a substantial threat to plaintiff's safety, which is a suitable case of judicial decision.

## IV. Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that defendant Terry J. Collins' July 31, 2009 motion to dismiss (doc. 6) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/ Mark R. Abel<br>United States Magistrate Judge