UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SCOTT KELLY HANSEN,**

    **Plaintiff,**

                            **Civil Action 2:09-cv-00517**
**vs.**                              **Judge John D. Holschuh**
                            **Magistrate Judge E.A. Preston Deavers**

**TERRY J. COLLINS,**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

      This matter is before the Court for consideration of Defendant's Motion for Summary Judgment filed by Defendant Ernie Moore.[1]  Construing Plaintiff's Complaint liberally, he brings this action for injunctive relief under 42 U.S.C. § 1983 against Defendant in his official capacity.  Specifically, Plaintiff seeks to prevent the Ohio Department of Rehabilitation and Correction ("ODRC") from returning him to the state of Ohio for a parole violation following his release from federal prison in January 2014.  In his Motion for Summary Judgment, Defendant contends that Plaintiff's claim is not ripe for review and that adequate protections are available to Plaintiff without judicial relief.  For the reasons that follow, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

---

      [1] Pursuant to Federal Rule of Civil Procedure 25(d), Ernie Moore, the new director of Ohio Department of Rehabilitation and Correction, is automatically substituted as a party in this action.

## II.  BACKGROUND

As noted in attachments to the Complaint, Plaintiff was previously convicted of felony charges in several Ohio counties and admitted to the ODRC to serve a sentence of four and one-half to twenty-five years.  (Doc. 2-1 at 2.)  While on parole from his Ohio convictions, Plaintiff committed federal crimes, and is currently in a Minnesota State facility under contract with the Federal Bureau of Prisons.  (Compl. 5.)  The ODRC has since placed a parole holder on Plaintiff.  (Compl. 6.)

On June 22, 2009, Plaintiff filed his Complaint in this action.  Plaintiff asserts that he would face a severe risk of danger if returned to Ohio following his release from federal custody in January 2014.  (Compl. 5.)  Plaintiff contends that this danger would arise because of the testimony he gave in state and federal trials during 1993 and 1996.  (*Id.*)  Plaintiff also notes that he was in the federal witness protection program in 1994 and 1997.  (*Id.*)  After exchanging letters with the ODRC, Plaintiff is unconvinced that the ODRC has sufficiently addressed his safety concerns.  (*Id.*)  Accordingly, Plaintiff is seeking injunctive relief to prevent transfer to Ohio following his release.  (Compl. 7.)

On July 31, 2009, Defendant filed a Motion to Dismiss contending that Plaintiff lacked standing and that his claim was not ripe.  In particular, Defendant maintained that if transfer created an imminent danger, Plaintiff could then file for relief.  (Def.'s Mot. to Dismiss 5.)  On January 29, 2010, through adoption of a previous Report and Recommendation, the Court denied Defendant's Motion.  (Doc. 22; Doc. 13.)  Specifically, the Court found that Plaintiff had alleged a concrete injury.  (Doc. 13 at 5–6.)

To support his claim, Plaintiff seeks production of classified threat assessments for the

2

years 1994 and 1997. (*See* Doc. 4; Doc. 19.) According to Plaintiff, the threat assessments will demonstrate the serious danger he will face if he returns to Ohio.

On May 12, 2010, Defendant filed his Motion for Summary Judgment. Defendant once again raises the issue of ripeness, although now focusing on the time period and adjudication concerns that Plaintiff's claim raises. (Def.'s Mot. for Summ. J. 3.) Defendant also maintains that adequate protections are available to Plaintiff to ensure his safety and that Plaintiff cannot demonstrate that ODRC official would be indifferent to Plaintiff's safety. (Def.'s Mot. for Summ. J. 4–5.)

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c) the Court should render summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law." *Longaberger Co. V. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In determining whether a moving party has met its burden, "[t]he evidence must be viewed in a light most favorable to the party opposing the motion, giving that party the benefit of all reasonable inferences." *Smith Wholesale Co., Inc. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 861 (6th Cir. 2007). If the movant satisfies this burden, "the nonmoving party 'must present significant probative evidence' to demonstrate that 'there is [more than] some metaphysical doubt as to the material facts.'" *Longaberger*, 586 F.3d at 465 (quoting *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993)).

## IV.  ANALYSIS

The first issue Defendant's Motion for Summary Judgment raises is ripeness.  Under the Constitution, federal court jurisdiction is limited to cases and controversies.  U.S. Const. art. III, § 2; *In re Cassim*, 594 F.3d 432, 437 (6th Cir. 2010).  Accordingly, "[t]he ripeness doctrine has developed 'to ensure that courts decide only existing, substantial controversies . . .'" *Cassim*, 594 F.3d at 437 (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County*, 274 F.3d 377, 399 (6th Cir. 2001)).  Nevertheless, "the ripeness doctrine arises 'both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Id.* (quoting *Reno v. Catholic Soc. Servs.*, 509 U.S. 43, 57 n.18 (1993)).  Accordingly, "'[t]he ripeness doctrine not only depends on the finding of a case and controversy and hence jurisdiction under Article III, but it also requires that the court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances.'" *Id.* at 437–38 (quoting *Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir. 1985)).

In determining whether a judicial resolution would be desirable, the Court will consider several factors.  *Grace Cmty Church v. Lenox Twp.*, 544 F.3d 609, 615 (6th Cir. 2008).  Specifically, the Court looks to "(1) the likelihood that the harm alleged by the plaintiffs will ever come to pass; (2) whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims; and (3) the hardship to the parties if judicial relief is denied at this stage in the proceedings." *Id.* (quoting *Insomnia, Inc. v. City of Memphis, Tenn.*, 278 Fed.Appx. 609, 612 (6th Cir. 2008)) (internal quotations omitted).  The first factor indicates that "'[r]ipeness while often spoken of as a justiciability doctrine distinct from standing, in fact shares the constitutional requirement of standing that an injury in fact be

4

certainly impending.'" *Casden v. Burns*, 306 Fed. Appx. 966, 971 (6th Cir. 2009) (quoting *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996)). The second and third factors, however, "reflect the 'prudential aspect of ripeness.'" *Id.* at 972 (quoting *Nat'l Treasury Employees Union*, 306 Fed. Appx. at 1427–28).

In this case, prudential considerations lead the undersigned to conclude that this matter is not ripe for review at this time.[2] Specifically, the undersigned finds that the factual record is underdeveloped with regard to Plaintiff's claims. Plaintiff seeks an injunction under 42 U.S.C. § 1983 to prevent the violation of his Eighth Amendment rights. To issue relief the Court will have to assess whether there is a substantial threat to Plaintiff's safety and whether the ODRC is deliberately indifferent to that threat. *See Hamilton v. Eleby*, 341 Fed. Appx. 168, 171 (6th Cir. 2009) (requiring a prisoner to prove a substantial risk of harm and deliberate indifference for his § 1983 claim for violation of the Eighth Amendment). Attachments to Plaintiff's Complaint indicate that the Federal Bureau of Prisons will not release him until January of 2014, well over three years from the current date. (Doc. 2–1 at 5.) Thus, any judicial decision at this stage would undergo the difficult task of assessing the prison safety conditions that will exist over three years from now. Similarly, the Court would be required to evaluate the deliberate indifference of ODRC regarding a transfer that is not going to occur until January 2014. Consequently, the undersigned believes that the Court will be in a better position to consider the

---

[2] In his Response in Opposition to Defendant's Motion for Summary Judgment, Plaintiff asserts that the Court already addressed the legal issue of ripeness in denying Defendant's Motion to Dismiss. (Pl.'s Resp. in Opp'n 2.) In Denying Defendant's Motion to Dismiss, the Court focused on Defendant's assertion that a concrete injury did not exist, and found that Plaintiff "is seeking relief that is concrete, particularized and imminent." (Doc. 13 at 5.) At that time the Defendant did not raise prudential concerns, regarding timing of this matter, as he has now in his Motion for Summary Judgment.

facts of this case at a future date.

Additionally, Plaintiff will not experience hardship if relief is denied at this stage. Any potential danger to Plaintiff, that relief from this Court could address, will not arise until Plaintiff is transferred in 2014. Because the undersigned recommends that the Court allow Plaintiff to seek injunctive relief closer to his release, Plaintiff will still be able to prevent the danger of transfer if he can demonstrate the facts he asserts.

## V.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** Defendant's Motion for Summary Judgment (Doc. 24), and **DISMISS** Plaintiff's action without prejudice. Plaintiff is advised that he should re-file a complaint for injunctive relief approximately one year before his anticipated release if circumstances still lead him to conclude that the ODRC is deliberately indifferent to conditions that pose a substantial danger.

Furthermore, if the Report and Recommendation is adopted, Plaintiff's Motion to Set-Aside Courts Previous Order to Stay Plaintiff's Motion for Production of Classified U.S. Government Threat Assessments (Doc. 19) should be **DENIED** as moot. Nevertheless, the undersigned instructs Assistant U.S. Attorney Joseph R. Wilson to anticipate future involvement in this matter, as the Court may solicit the Department of Justice's position regarding the release of classified documents. The Clerk is instructed to mail a copy of this Report and Recommendation to Mr. Wilson at the United States Attorney's Office for the Northen District of Ohio, Four Seagate, Third Floor, Toledo, OH 43604.

## VI.  NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

June 22, 2010                                                                    /s/ *Elizabeth A. Preston Deavers*
                                                                                        Elizabeth A. Preston Deavers
                                                                                        United States Magistrate Judge